UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DONNELL MITCHELL, ) | CASE NO. 1:07 CV 1578 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| JOHN LUSKIN, ) | |
| ) | |
| Defendant. ) | |

On May 30, 2007, pro se plaintiff Donnell Mitchell filed the above-captioned in forma pauperis action against defendant John Luskin. He asserts "[t]his action is commenced pursuant to § 12112.2201 and 2202 and 42 U.S.C., section 1983."[1] Mr. Mitchell seeks an injunction enjoining defendant from "continuing its discrimination."

*Background*

On December 6, 2000 Mr. Mitchell hired Mr. Luskin as his personal attorney. At the time Mr. Mitchell was seeking to clear his name in "an exaggerated case of retaliation bought [sic] against me by dishonest vindictive Cleveland police officers and Cuyahoga County prosecutors."

---

[1] The court presumes that "12112" is a reference to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112.

(Compl. at 1.) It was plaintiff's understanding that Mr. Luskin intended to pursue the matter to the trial stage. Instead, Mr. Mitchell alleges that the defendant "allowed a dishonest detective to create a crime against me." (Compl. at 1.) He claims further that defendant helped the Cleveland Police to "create a crime against me." (Compl. at 1.) To that end, Mr. Luskin allegedly permitted the case "to go past the third pretrail [sic] hearing because of negligence and his allegiance with the Cleveland police department which of course was his former employer." (Compl. at 1.) He outlines several other incidents which support his opinion that Mr. Luskin violated his rights under the Americans with Disability Act (ADA) because he failed to protect plaintiff's rights "as a mentally disabled man from malicious prosecution." (Compl. at 2.) He seeks $20,000,000.00 in lost revenue because of "unfair business practices aimed at a disabled person causing mental suffering, inconvenience and discomfort." (Compl. at 2.) For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court shall dismiss an action under section 1915(e) if it is frivolous.[2] An action is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898

---

[2] 28 U.S.C. § 1915(e) states, in pertinent part: "the court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ...".

A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

F.2d 1196 (6th Cir. 1990). This action lacks an arguable basis in law.

The Supreme Court has clarified that, at the pleading stage, a plaintiff is not required to allege facts to support a prima facie case of discrimination. Swierkiewicz v. Sorema, 534 U.S. 506 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas [ v. Green, 411 U.S. 792 (1973)] framework). This holding does not, however, eliminate the basic tenets of notice pleading.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a). Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The complaint fails to meet the requirements of Rule 8. It is unclear why Mr. Mitchell believes he is entitled to relief under § 12112 of the ADA. The Act prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to application procedures, the hiring, advancement, or discharge of employees,

3

employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  To recover on a claim of discrimination under the Act, a plaintiff must show that: 1) he is an individual with a disability; 2) he is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and 3) he was discharged solely by reason of his handicap. Maddox v. University of Tennessee, 62 F.3d 843, 846 (6th Cir.1995)(relying on Doherty v. Southern College of Optometry, 862 F.2d 570, 573 (6th Cir.1988) (Rehabilitation Act claim), cert. denied, 493 U.S. 810 (1989).  Clearly, this is not dispute between an employee and his employer.  Moreover, even if this were brought under Title II of the ADA, the complaint does not allege whether Mr. Mitchell qualifies as an individual with a disability, whether the defendant is a proper defendant under the ADA, and it otherwise fails to allege any specific action that Mr. Luskin took or failed to undertake with regard to reasonable accommodations or discrimination. Therefore, the complaint fails to meet the requirements under Rule 8 or Rule 12(b)(6).

To the extent Mr. Mitchell seeks to bring an action for legal malpractice, this court would lack subject matter jurisdiction over such a claim. Federal subject matter jurisdiction exists when a federal question is presented to the court, see 28 U.S.C. § 1331, or the plaintiff and all of the defendants are citizens of different states and the amount in controversy exceeds $ 75,000, see 28 U.S.C. § 1332. Where subject matter jurisdiction is lacking, the district court must dismiss the complaint without regard to the merits of the lawsuit. See Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244 (6th Cir.1996)(after dismissal for failure to state a claim, there is a strong presumption in favor of dismissing supplemental claims).  A claim for legal malpractice is a state law claim that could only be brought in federal court if the parties were from different states or if there is a pending federal claim. As alleged in the complaint, both parties are residents of Ohio.

Because the ADA claim is being dismissed for failure to state a claim, there is no pending federal question. Therefore, the court lacks jurisdiction over any legal malpractice claim.

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 8/15/07*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.